**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

Civil Action No. 2:20-cv-00477-CG-SMV

BILLY KERR, individually and on behalf of all others similarly situated,

  Plaintiff,

v.

K. ALLRED OILFIELD SERVICES, LLC, d/b/a KAOS and KEITH ALLRED,

  Defendants.

## PARTIAL MOTION TO DISMISS

Defendants, K. Allred Oilfield Services, LLC, d/b/a KAOS, and Keith Allred ("Defendants"), by and through their attorneys, Fisher & Phillips LLP, hereby submit this Partial Motion to Dismiss in response to Plaintiff's Original Complaint ("Complaint").

### INTRODUCTION

Plaintiff Billy Kerr ("Plaintiff"), a former contractor of K. Allred Oilfield Services, LLC, d/b/a KAOS, filed his Complaint on May 19, 2020, asserting two counts against Defendants. *(See*, Doc. 1).

Count II asserts a claim on behalf of Plaintiff and a purported putative class of "workers," for alleged violations of the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NMMWA"). Plaintiff claims that he and the putative class are entitled to damages under NMMWA because Defendants allegedly misclassified them as independent contractors and paid them "a day rate" and thus denied them overtime. (Doc. 1, ¶15). Plaintiff's allegations are specific

1

in that he claims he received a "day rate" and was not paid a salary, on a fee basis, or by the hour. (Doc. 1, ¶¶ 15-19).

Even assuming *arguendo*[1] that Plaintiff's allegations are true, his allegations with respect to the NMMWA should be dismissed in their entirety because the NMMWA excludes from coverage "employees compensated upon ... flat rate schedules." N.M. Stat. Ann. § 50-4-21(C)(5).

## D.N.M.L.CivR. 7.1A CERTIFICATION

Pursuant to LCivR. 7.1(A) the undersigned certifies that they have conferred with Plaintiff's counsel and Plaintiff opposes the relief requested in this Motion.

## ARGUMENT

### I.     Standard of Review

The Supreme Court instructed in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) that "to withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). Although the Twombly and Iqbal pleading standard does not require detailed factual allegations, a complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id*. (citation and quotation marks omitted). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 1964-65 (citations and internal brackets omitted). Thus, a court is not bound

---

[1] In filing this motion, Defendants do not admit the allegations in Plaintiff's Complaint, but accept them as true for the purposes of the motion, as they are required to do. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

FP 38016725.1

to accept legal conclusions, couched as factual allegations, as true, when examining a complaint under Rule 12(b)(6). *Khalik*, 671 F.3d at 1190 (citing *Iqbal*, 556 U.S. at 678). Accordingly, in examining a complaint under Rule 12(b)(6), a court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id*.

> **II.   Plaintiff's Boilerplate State Law Claim Should Be Dismissed Because It Fails to State Sufficient Facts to Support a Plausible Claim Arising Under the NMMWA**

The NMMWA requires payment of minimum wage and overtime to certain covered "employee[s]." N.M. Stat. Ann. § 50-4-22(a), (d). However, the NMMWA excludes certain workers from the definition of "employee[s]," including employees compensated under flat rate schedules. N.M. Stat. Ann. § 50-4-21(C)(5). This exclusion from coverage is more extensive than a similar exemption under the Fair Labor Standards Act, which exempts only employees paid by "commission" from the FLSA's overtime provision. *See* 29 U.S.C. § 207(i).

Even assuming *arguendo* that Plaintiff was an employee of Defendants, Plaintiff's own allegations make clear he believes he was not paid a salary, on a fee basis, or by the hour, and that he was paid only on a flat rate basis per day. Based on these allegations Plaintiff fails to allege that he is a "covered" employee, or state a claim, under the NMMWA because the NMMWA's definition of employee provides that "employee" ... "shall not include" ... "employees compensated upon piecework, **flat rate schedules** or commission basis." N.M. Stat. Ann. § 50-4-21(C)(5) (emphasis added).

The Honorable James O. Browning recently examined the NMMWA's exclusion for workers paid upon "flat rate schedules," and explained:

> "No case law defines "flat rate schedule" for the NMMWA, and so the Court will start with the term's "plain meaning." *Griego v. Oliver*, 2014-NMSC-003, ¶ 21, 316 P.3d at 875. The New Oxford American Dictionary defines "flat rate" as "a charge that is the same in all cases, not varying in proportion with

3

something." Flat Rate, New Oxford American Dictionary (2001). The Cambridge Dictionary defines "flat rate" as "a charge that is the same for everyone;" and as "a rate that is fixed at a particular level that does not change, however much work is done or however much a service is used." Flat Rate, Cambridge Dictionary, https://dictionary.cambridge.org/us/dictionary/english/flat-rate.

*Corman v. JWS of New Mexico, Inc.*, 356 F. Supp. 3d 1148, 1200 (D.N.M. 2018) (granting in part defendant's motion for summary judgment, dismissing claims asserted under the NMMWA upon finding workers were exempt from the Act).

In addition to the dictionary definition examined by the Hon. James O. Browning, the Court may also look to persuasive authority under the FLSA. *Armijo v. Wal-Mart Stores, Inc.*, 2007-NMCA-120, ¶ 47, 142 N.M. 557, 168 P.3d at 144 (looking to cases construing the FLSA for persuasive authority in interpreting NMMWA provisions). Under the FLSA, the definition of a "day rate" is where an "employee is paid a **flat sum** for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job." *See* 29 C.F.R. § 778.112 (emphasis added). While employees paid a flat rate per day under the FLSA may be entitled to overtime under 29 C.F.R. § 778.112, that is because the FLSA <u>does not</u> include an exemption for employees paid a "flat rate" similar to the NMMWA.

There is simply no support for Plaintiff's belief that he is automatically considered a "covered" employee under the NMMWA based on his allegations. Similarly, Plaintiff's flat rate theory of liability under the FLSA is directly contradicted by the statutory language of the NMMWA that exempts employees who are paid on a "flat rate schedule." N.M. Stat. Ann. §§ 50-4-21(C)(5). Based on Plaintiff's own allegations, Count II should be dismissed in its entirety

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court grant its Partial

Motion to Dismiss Plaintiff's state law claims in Count II.

Dated this 16th day of June, 2020.

            FISHER & PHILLIPS LLP

            *s/ Richard A. Millisor*
            Richard A. Millisor #6284
            Kristin R.B. White
            (*application for admission pending*)
            Micah D. Dawson
            (*application for admission pending*)
            1125 17th Street, Suite 2400
            Denver, Colorado  80202
            Telephone:  303-218-3650
            Facsimile:  303-218-3651
            rmillisor@fisherphillips.com
            kwhite@fisherphillips.com
            mdawson@fisherphillips.com

            **ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of June, 2020, a true and correct copy of the foregoing was electronically filed with the clerk of court via the CM/ECF system and thereby served upon the following parties of record:

Matthew S. Parmet, #16-155
Parmet PC
3 Riverway, Ste. 1910
Houston, TX 77056
Phone: 713-999-5228
Fax:713-999-1187
matt@parmet.law

Edmond S. Moreland, Jr., #18-214
Moreland Verrett, P.C.
700 West Summit Dr.
Wimberly, TX 78676
Phone: 512-782-0567
Fax: 512-782-0605
edmond@morelandlaw.com

*Attorneys for Plaintiff*

*s/ Kimberly Hanson*
Kimberly Hanson
For Fisher & Phillips LLP