# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BILLY KERR, individually and on behalf of all others similarly situated,

    Plaintiff,

    vs.                                                2:20-cv-00477-WJ-SMV

K. ALLRED OILFIELD SERVICS, LLC, d/b/a KAOS
and KEITH ALLRED,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' PARTIAL MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint[1], filed June 16th, 2020 (**Doc. 7**). Plaintiff brings the lawsuit against K. Allred Oilfield Services, LLC d/b/a KAOS ("Allred Oilfield") and Keith Allred (Defendants are referred to jointly as "KAOS") to recover unpaid overtime wages and other damages, as a collective action under the Fair Labor Standards Act ("FLSA") and as a Rule 23 Class Action under the New Mexico Minimum Wage Act ("NMMWA"). Defendants move for the Court to dismiss the Plaintiff's claims under the NMMWA. Having considered the parties' pleadings and the applicable law, the Court finds that Plaintiff states a plausible claim for relief under the NMMWA. Therefore, Defendants' motion is DENIED.

### Background

Plaintiff Kerr worked for KAOS as an operator from May 2019 until November 2019. Allred Oilfield is a Texas limited liability company conducting business throughout New

---

[1] Defendants make their motion against Plaintiff's Amended Complaint. However, the text of the motion mistakenly states that Defendants are moving against Plaintiff's Original Complaint.

1

Mexico. Plaintiff claims that KAOS used day rate contractors in New Mexico and Texas and that he and other workers like him worked for more than forty hours each week. Instead of paying these workers overtime, KAOS misclassified them as independent contractors and paid them a daily rate with no overtime pay. Compl. ¶ 56. Federal jurisdiction in this case arises pursuant to 28 U.S.C. § 1331 and under the FLSA.

Plaintiff alleges, in relevant part, that Defendants misclassified him as an independent contractor and that Defendants failed to pay him overtime for all hours worked in excess of forty per week, a violation of the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D). Plaintiff alleges that he, and other workers like him, were typically scheduled for twelve-hour shifts, seven days a week, and that their periods on the job ("hitches") routinely lasted for weeks at a time. Compl. ¶ 3. Plaintiff alleges that instead of paying them a salary that incorporated overtime pay, Defendants plaid them a single "day rate" for all hours worked. Compl. ¶ 5. Plaintiff specifically alleges that he was "not paid a salary, on a fee basis, or by the hour." Compl. ¶¶ 15–19. Accordingly, Plaintiff seeks to recover unpaid wages and other damages under both statutes. Defendants base their motion to dismiss the NMMWA's language that excludes "employees compensated upon . . . flat rate schedules." N.M. Stat. Ann. § 50-4-21(C)(5).

## Legal Standard

The standard for evaluating whether a motion to dismiss under Rule 12(b)(6) can be granted is well established. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the

speculative level … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 1964–65. When examining a complaint under Rule 12(b)(6), a court is not bound to accept legal conclusions, couched as factual allegations, as true. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Iqbal*, 556 U.S., at 678). Accordingly, in examining a complaint under Rule 12(b)(6), a court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.*, at 1191.

In short, a plaintiff must "nudge [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss." *Id.*, at 1190 (quoting *Twombly*, 550 U.S., at 570).

**Discussion**

In their Motion, Defendants assert that Plaintiff fails to state a plausible claim to relief under the NMMWA because, Defendants argue, the day rate Plaintiff allegedly received is the same as a flat rate schedule. Unlike the broader coverage of the FLSA, the NMMWA does not cover "employees compensated upon . . . flat rate schedules." N.M. Stat. Ann. § 50-4-21(C)(5). The crux of Defendants' Motion is that Plaintiff's day rate theory of liability under the FLSA is directly contradicted by the statutory language of the NMMWA, and thus Plaintiff's NMMWA claims should be dismissed in their entirety.

Plaintiff's Complaint specifically states that a day rate is not the same as a flat rate or flat rate schedule but provides no further facts to support these allegations. Compl. ¶¶ 16–22. Further, Plaintiff alleges that he was not paid a salary, on a fee basis, or by the hour. Compl. ¶¶

18–22. Defendants take these allegations and argue that they fail to state facts sufficient to support a plausible claim under the NMMWA because Plaintiff's allegation that he was paid a day rate is the same as alleging that he was paid on a flat rate schedule, and thus these claims fall outside of the NMMWA's protection.

To support this argument, Defendants cite *Corman v. JWS of New Mexico, Inc.*, an opinion which notes that "no case law defines 'flat rate schedule' for the NMMWA." 356 F. Supp. 3d 1148, 1200 (D.N.M. 2018). The *Corman* court examined the plain meaning of "flat rate" and found that dictionaries generally define the term as a charge that is fixed and unvaried. *Id.* Defendants also presented the FLSA's definition of "day rate" as persuasive authority. Under the FLSA, the definition of a "day rate" is where an "employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job." *See* 29 C.F.R. § 778.112. Given that the allegations focus on the time length of the "hitches" Plaintiff worked on the oilfield, the Complaint indicates that his claims fall into the "flat sum for a day's work…without regard to the number of hours worked in the day" section of this definition.

Defendants' argument that a day rate is the same as a flat rate schedule under the NMMWA does not provide the whole picture. It is true that Plaintiff does not cite to case law affirmatively holding that a day rate is not the same as a flat rate schedule under the NMMWA. There very well may be no case that makes this holding. However, this District tends to treat NMMWA claims as viable even when plaintiffs allege they were paid a day rate. For example, the plaintiff in *Martin v. Tap Rock Resources, LLC*, alleged that he was paid a day rate in violation of both *state* and federal wage laws. No. ,20-CV-00170 WJ-CG, 2020 WL 2129598, at *6 (D.N.M. May 5, 2020). The *Martin* court denied Defendant's motion to dismiss NMMWA

class action under Rule 12(b)(6) because the allegations afforded Defendant with sufficient information on the alleged common characteristics of putative class members. *Id.*; *see also LeBlanc v. Halliburton Co.*, No. 17-0718-KG-GLF, 2018 LW 3999567, at *1 (D.N.M. Aug. 21, 2018) (conditionally certifying class of day rate independent contractors in FLSA case with companion NMMWA claims). Even *Corman* was resolved other grounds, and therefore the court did not conclude that the alleged payment of a day rate satisfied the NMMWA's flat rate schedule exception. *See* 356 F.Supp.3d, at 1200 (finding that "[p]laintiffs are exempted from the NMMWA under the *commission exemption*) (citing N.M. Stat. Ann., § 50-4-21(C)(5)) (emphasis added). In short, the interpretive issue remains open in this District because no state or federal court has found a conclusive definition for "flat rate schedule" under the NMMWA.

The *Corman* opinion discusses the term "flat rate schedule" in a manner that indicates it is a specialized term that is largely confined to the automotive industry and characterized by standardized estimates for jobs. *See* 356 F.Supp.3d 1148, 1163 (citing *Yi v. Sterling Collision Centers, Inc.*, 480 F.3d 505, 509 (7th Cir. 2007); *Klinedinst v. Swift Investment, Inc.*, 260 F.3d 1251, 1254 (11th Cir 2001)); *cf. Burch v. Foy*, 308 P.2d 199, 201 (N.M. 1957) (noting that the parties stipulated that "the term 'flat rate schedule' used in the Act has a meaning in the automobile repair field. That is the only technical meaning known. It is not known whether this is the only field where a flat rate schedule is used."). Given the facts alleged by Plaintiff, this characterization of a "flat rate schedule" is at odds with the Department of Labor's interpretive guidance on the FLSA under 29 C.F.R. § 778.112. Consequently, Plaintiff's argument that a day rate is not interchangeable with a flat rate schedule has merit even though the distinction is nuanced and largely based on the absence of a clear definition of "flat rate schedule."

Overall, Plaintiff's claims under the NMMWA meet the relatively lenient "plausible" claim threshold imposed by *Twombly* and *Iqbal*. Given the current interpretation of the NMMWA, Plaintiff has "plead[] factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). How courts currently treat the term "flat rate schedule" allows Plaintiff to "nudge [his] claims across the line from conceivable to plausible" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570).

**THEREFORE, IT IS ORDERED** that Defendants' Partial Motion to Dismiss (**Doc. 7**) is hereby **DENIED** for reasons described in this Memorandum Opinion and Order.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE