## UNITED STATES DISTRICT COURT

### DISTRICT OF NEW MEXICO
———————————

BILLY KERR,
individually and on behalf of all others similarly situated,

        Plaintiff,

        v.                                  No. 2:20-CV-00477-WJ-SMV

K. ALLRED OILFIELD SERVICES, LLC, d/b/a KAOS
and KEITH ALLRED,

        Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION; ORDER FOR THE PARTIES TO CONFER ON THE PROPOSED NOTICE PACKET; and ORDER FOR THE PARTIES TO SUBMIT A JOINT NOTICE PACKET AND JOINT RESPONSE

THIS MATTER comes before the Court upon Plaintiff's motion for conditional certification, filed October 1, 2020 (**Doc. 24**). Having reviewed the parties' briefing and the applicable law, the Court finds that Plaintiff's motion is well-taken, and is, therefore, **GRANTED**. The parties are **ORDERED** to confer regarding the Proposed Notice Packet (Docs. 24, Appendix 1–5) and notice procedure (Doc. 24 at 15–16). The parties shall submit a Joint Proposed Notice Packet and a Joint Response, described herein, within **35 DAYS** from the date of entry of this Order.

### BACKGROUND

Plaintiff Billy Kerr ("Plaintiff") alleges that Defendants K. Allred Oilfield Services, LLC and Keith Allred (referred to jointly as "Kaos") misclassified certain workers as independent contractors in order to avoid paying them overtime wages as required under state and federal law. Plaintiff is suing Kaos to recover unpaid wages and other damages. The First Amended Complaint,

filed June 19, 2020, (Doc. 10) asserts three causes of action: Violations of the Fair Labor Standards Act ("FLSA") (Count I); Violations of the New Mexico Minimum Wage Act ("NMMWA") (Count II); and Unjust Enrichment (Count III). Doc. 10. Plaintiff brings this action individually and on behalf of similarly situated employees pursuant to the FLSA, and also as a Rule 23 class action pursuant to the NMMWA. The current motion (hereinafter "Motion") seeks an Order allowing notice to potential plaintiffs and conditional certification pursuant to the collective action provision in the FLSA; the Motion is not for class certification pursuant to Federal Rule of Civil Procedure 23. Doc. 24.

After Plaintiff filed the Motion, Defendants filed a Response in opposition on October 29, 2020[1] (Doc. 27) and Plaintiff filed a Reply in support on November 12, 2020 (Doc. 28). The Motion is now briefed and the Court is fully informed and advised. Doc. 29.

Plaintiff seeks conditional certification and notice on the grounds that a group of other similarly situated workers exists and that Kaos knowingly subjected such individuals to a single unlawful wage policy that denied payment for all overtime hours worked. Specifically, the proposed class encompasses Kaos workers who were classified as independent contractors and paid a day rate. Kaos[2] is primarily an equipment rental provider in the energy sector, with operations spread across the Southwest. The company specializes in providing equipment, support services, and personnel for clients in the energy, industrial, and commercial sectors. Plaintiff Billy Kerr worked for Kaos as a flowback operator, providing services to a third-party client at two

---

[1]     Magistrate Judge Stephen M. Vidmar granted Defendants' unopposed motion for a time extension to respond to Plaintiff's Motion for Conditional Certification. Doc. 26 (Text Order).

[2]     For facts relating the general business practices of Kaos and the timeline of Mr. Kerr's work with the company, the Court relies on the Declaration of Defendant Keith Allred (Doc. 27-1) and the invoices Mr. Kerr submitted to Kaos (Doc. 27-8).

project sites in New Mexico. His first work assignment ran from May 22, 2019 to July 12, 2019.

The second assignment ran from August 26, 2019 to October 21, 2019.

## DISCUSSION

**I.      FLSA Wage Requirements**

Under the Fair Labor Standards Act, an employee may bring a collective action on behalf

of "similarly situated" employees as a remedy for violation of the FLSA.  29 U.S.C. § 216(b). The

purpose of collective action is to give "plaintiffs the advantage of lower individual costs to

vindicate rights by the pooling of resources," and to benefit the judicial system "by efficient

resolution in one proceeding of common issues of law and fact arising from the same

alleged . . . activity." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Unlike

Federal Rule of Civil Procedure 23 class actions, putative class members under the FLSA must

opt-in to the class rather than opt out.  *Thiessen v. General Electric Capital Corp*., 267 F.3d 1095,

1102 (10th Cir. 2001), *cert. denied*, 536 U.S. 934 (2002); § 216(b) ("No employee shall be a party

plaintiff to any such action unless he gives his consent in writing to become such a party and such

consent is filed in the court in which such action is brought."). District courts have discretion to

authorize a party asserting FLSA claims on behalf of others to notify putative class members that

they may choose to "opt-in" to the suit. *Hoffmann-La Roche*, 493 U.S. at 169. Court-authorized

notice protects against misleading communications by the parties, resolves the parties' disputes

regarding the content of any notice, assures joinder of additional parties is accomplished properly

and efficiently, and expedites resolution of the dispute. *Id.* at 170–171.

The FLSA requires employers to pay covered employees who work longer than forty hours

in a given workweek "at a rate not less than one and one-half times the regular rate at which [the

employee] is employed." 29 U.S.C. § 207(a)(1). As the Tenth Circuit has explained, "[t]he purpose

of FLSA overtime is to compensate those who labored in excess of the statutory maximum number of hours for the wear and tear of extra work and to spread employment through inducing employers to shorten hours because of the pressure of extra cost." *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1304 (10th Cir. 2011) (citation and quotation marks omitted).

## II.    Two-Stage Collective Action Certification

The relevant question under § 216(b) is whether the plaintiff is "similarly situated" to members of the proposed class, as opposed to satisfying the criteria under Rule 23 for class certification. *Theissen*, 267 F.3d at 1102 (explaining that Congress adopted the "similarly situated" standard instead of Rule 23 standards). Section 216(b) does not define "similarly situated," but this Court and many district courts in the Tenth Circuit apply the two-step (also called the "two-stage") ad hoc approach approved in *Theissen v. GE Capital Corp.* for determining whether the members of the proposed action satisfy § 216(b). *See Theissen*, 267 F.3d at 1105 ("Arguably, the [two-step] ad hoc approach is the best of the three approaches outlined because it is not tied to the Rule 23 standards."); *Valencia v. Armada Skilled Home Care of NM, LLC*, No. 18-CV-1071 KG/JFR, 2020 WL 2768977 (D.N.M. May 28, 2020) (applying two-stage ad hoc approach to FLSA collective action certification); *Calvillo v. Bull Rogers, Inc.*, No. 16-cv-919-WJ-GBW, 267 F. Supp. 3d 1307 (D.N.M. 2017) (same); *Cf. In re Chipotle Mexican Grill, Inc.*, No. 17-1028, 2017 WL 4054144, at *2 (10th Cir. Mar. 27, 2017) ("Our ultimate holding on this issue [in *Theissen*] was limited to finding 'no error' for 'adopting the ad hoc approach'; we did not adopt this approach as mandatory within our circuit. Indeed, we noted . . . the district courts' flexibility to determine whether plaintiffs are similarly situated." (citing *Theissen*, 267 F.3d at 1102, 1105)).

Under the first stage of the ad hoc approach, prior to the completion of discovery, a court typically makes an initial "notice stage" determination of whether the plaintiffs are "similarly

situated." *Theissen*, 267 F.3d at 1102–03. At this stage, a court "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* (citation and quotation marks omitted); *Calvillo*, 267 F. Supp. 3d at 1312 ("The record need only be 'sufficiently developed' to allow court-facilitated notice based upon 'substantial allegations or some factual support.'"). The court must determine whether the named plaintiff and putative class members are "similarly situated" based on the allegations in the complaint, which may be supported by sworn statements. *See Landry v. Swire Oilfield Services, L.L.C.*, No. 16-cv-621-JB/LF, 252 F. Supp. 3d 1079, 1114–15 (D.N.M. 2017) ("A plaintiff need only describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist." (citation and quotation marks omitted)); *see also Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (requiring the plaintiffs to "make a modest factual showing" of similarly situated individuals, but stating that, at this stage, a court is merely determining "whether similarly situated plaintiffs do in fact exist")). Thus, the burden at this stage is light or lenient. *Theissen*, 267 F.3d at 1103 (referring to ad hoc standard as a "fairly lenient"). Conditional certification in the notice stage, however, is by no means automatic: at least some evidence beyond unsupported factual assertions must be presented. *Eagle v. Freeport-McMoran, Inc.*, No. 2:15-CV-00577-MV-SMV, 2016 WL 7494278, at *2 (D.N.M. Aug. 3, 2016) (citation and quotation marks omitted). If the Court conditionally certifies the class based on Plaintiff's allegations, notice may be sent providing for the opportunity to opt-in and discovery may proceed on the merits. *Theissen*, 267 F.3d at 1102–03.

After the opt-in period has closed, the Court then makes a second determination, usually prompted by a defendant's motion to decertify the class, utilizing a "stricter standard" of similarly situated. *Id.* at 1102–03. Once the parties know which individuals will be part of the class, the

court may reevaluate the conditional certification "to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Russell v. Illinois Bell Tel. Co.*, 575 F.Supp.2d 930, 933 (N.D. Ill. 2008). During the second stage of analysis, "a court reviews several factors, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required" before they commenced their lawsuit. *Theissen*, 267 F.3d at 1103 (quotation marks omitted).

## III.   Analysis

### A.   Conditional Certification is Appropriate at this Initial Notice Stage

Plaintiff seeks conditional certification of the following class members:

Current and former workers employed by, or working on behalf of, K. Allred Oilfield Services, LLC as independent contractors in the United States at any time from «3 years prior to date of certification», to the present, who were paid a day rate.[3]

Doc. 24 at 15. Plaintiff alleges that Kaos pays a distinct group of workers a day rate without overtime,[4] misclassifies them as independent contractors, and asks them to perform similar job duties. Doc. 10 ¶¶50, 55–56. Plaintiff asserts that all the putative members' overtime claims are based on a "single, decision, policy, or plan," as shown by the alleged broad misclassification of these individuals and their wages being paid in the form of a day rate. Doc. 24 at 5. Plaintiff puts forth the factual basis for his allegation in his supporting declaration. Doc. 24-1.  Plaintiff states,

---

[3]     Plaintiff's proposed class excludes flowback operators who worked for, or on behalf of Superior Energy Services – North America Services, Inc. and/or SPN Well Services f/k/a Integrated Production Services, Inc., on or after January 16, 2017, and who have opted into *Womack v.  Superior Energy Servs., Inc*., No. MO:17-CV-00074-DC-RCG (W.D. Tex.) by filing a consent to join that lawsuit. Doc. 24 at 15 n.5.

[4]     The Department of Labor's interpretative guidance on the FLSA describes a "day rate" as "a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job. . . ." 29 C.F.R. § 778.112.

"[f]rom working and talking with my coworkers, supervisors, and coordinators, I know other Kaos independent contractor operators were paid a day rate (without overtime) when they worked for Kaos, even when they worked more than 40 hours each week." Doc. 24-1 ¶ 54. Kaos operators "performed the same basic job functions," which mainly consisted of manual labor duties such as setting up, taking down and operating the equipment. *Id.* ¶¶ 43, 45. Kaos required operators to adhere to strict guidelines, expectations, and policies and procedures. *Id.* ¶¶ 52–53. Further, Plaintiff states that Kaos controlled the policies and procedures by which he billed for his time as an operator. *Id.* ¶ 32; *cf.* Doc. 27-8 (showing the invoices Plaintiff sent to Kaos).

Defendants contend that Plaintiff failed to present substantial allegations supporting conditional certification and failed to identify a common, unlawful policy that binds the proposed class. Doc. 27. According to Defendants, the sum of Plaintiff's allegations reveal only that he was paid a day rate and did not received overtime pay, rather than showing that potential class members were similarly situated and victims of a single decision, policy, or plan regarding compensation *Id.* at 5. Defendants ask the Court to disregard a significant portion of Plaintiff's allegations because they are "wholly conclusory in nature," "rendered ambiguous by Mr. Kerr's particular circumstances," and based on "hearsay from unidentified sources." *Id.* The Response brief also critiques Plaintiff's use of a single supporting declaration and alerts the Court to the fact that there are no opt-in plaintiffs at this time. *Id.* at 2.

For purposes of the Motion, the Court's inquiry is limited to the first step, or "notice stage" of the process, which applies a lenient test to determine whether the putative plaintiffs are similarly situated—that is, the "Plaintiff must provide some evidence to establish a colorable basis showing the putative class members are victims of a single decision, policy or plan." *Cavillo*, 267 F. Supp. 3d at 1307. The Court may consider several factors at this stage, "including whether potential class

members: (i) have the same employer; (ii) are subject to the same employer practices; (iii) suffer the same method of calculation of wages owed; and (iv) allege FLSA violations based on the same conduct[.]" *Bustillos v. Bd. of Cty. Comm'rs of Hidalgo Cty.*, 310 F.R.D. 631, 664 (D.N.M. 2015) (citation omitted). Furthermore, "some variation in the [p]laintiff's specific job duties will not destroy a similarly situated designation at this stage of the litigation." *Landry*, 252 F. Supp. 3d at 1120; *see also Grayson v. K Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir. 1996), *cert. denied* 519 U.S. 987 (1996) ("Plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members."). Here, the First Amended Complaint, Motion, and supporting declaration meet the requirements for the first stage of collective action certification because they contain substantial allegations that Plaintiff, and individuals who share similar job duties, were subject to the same illegal wage policy.

Plaintiff has offered an adequate factual basis to support these allegations at this stage. While Plaintiff submits only one declaration, this fact alone does not support denial of conditional certification. *See Foster v. Nova Hardbanding, LLC*, No. CV 15-1047 CG/LAM, 2016 WL 4492829, at *1 (D.N.M. Apr. 20, 2016) (ordering conditional certification in case where plaintiff submitted one declaration); *see also Smith v. Metro Security, Inc.,* No. C.A. No. 18-953, 2018 WL 2364918, at *3 (E.D. La. May 25, 2018) (one declaration sufficient for ordering conditional certification); *Williams v. Sprint/United Mgmt. Co*., 222 F.R.D. 483, 487 (D. Kan. 2004) (allegations in complaint were "more than sufficient to support provisional certification"). The lack of opt-in plaintiffs does not support denial of conditional certification. *Felps v. Mewbourne Oil Co., Inc.,* 460 F. Supp. 3d 1232, 1236 (D.N.M. 2020) (the Tenth Circuit "has never adopted the requirement that plaintiffs demonstrate the existence of other employees who wish to opt into the litigation"). Further, Defendants' argument that Kerr's declaration should not be considered

due to "hearsay" issues is unpersuasive. Doc. 27 at 5. This Court and others in the District routinely credit allegations based on observations and discussions with fellow workers and supervisors. *See Calvillo.*, 267 F. Supp. 3d at 1313 (finding that declarations based on "based on observations and discussions with fellow employees" sufficiently alleged that other employees worked under the same overtime conditions); *Foster*, 2016 WL 4492829, at *1, *4 (considering allegations based on "observations and conversations").

Even after considering Defendants' critiques, the Court concludes that Plaintiff meets his modest burden for bringing substantial allegations that go beyond unsupported assertions. Nothing more is required at this point in the litigation because at this stage the Court "does not weigh evidence, resolve factual disputes, or rule on the merits of the plaintiff's claims." *Felps*, 460 F. Supp. 3d at 1235–36. Even if Plaintiff's claims turn out to be meritless or if all plaintiffs turn out not to be similarly situated, notification at this stage, rather than after further discovery, may enable a more efficient resolution of the underlying issues in the case.

Defendants' arguments against the Motion largely go to the second stage of certification, which uses the "stricter" standard in determining whether the opt-in members are sufficiently similarly situated. *See Theissen*, 267 F.3d at 1103 (explaining that during the second stage of analysis, "a court reviews several factors, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required" before they commenced their lawsuit). Although Defendants contend that Plaintiff's allegations do not show the Court that any aggrieved individuals or illegal wage policy exist, this contention relies heavily on fact- and merit-based arguments. Defendants submit that Plaintiff cannot "paint a picture of uniform control" regarding the Kaos wage policy because

the company pays its operators under the terms of individual contracts. Doc. 27 at 6–7. Moreover, these individualized compensation decisions preclude any single decision, policy, or plan applicable to all contractors. *Id.* Defendants support their arguments with a declaration from Keith Allred, the owner of Kaos, and declarations of six other flowback operators who work for Kaos. Docs. 27-1, 27-2, 27-3, 27-4, 27-5, 27-6, and 27-7. The content of Defendants' declarations attempts to undercut Plaintiff's allegations by showing the Court that Kaos properly classifies its flowback operators as independent contractors.

At this point, Defendants may offer fact-based defenses, but these arguments are irrelevant to the question of collective treatment to the extent they go directly to the merits of Plaintiff's claims. *See Calvillo*, 267 F. Supp. 3d at 1313 (rejecting defendants' attacks on the merits of the claim and rejecting defendants' attempts to insert argument about disparate factual and employment settings at the notice stage of certification). Therefore, while the Court has reviewed Defendants' declarations, the statements relating to whether Kaos properly classified certain workers as independent contractors and legally paid them a day rate cannot be considered at this time. *See, e.g.*, *Ruggles v. WellPoint, Inc.*, 591 F. Supp. 150, 161 (N.D.N.Y 2008) ("To balance the parties' competing affidavits at this stage would require us to determine the facts, determine credibility of deponents, and resolve legal contentions, all of which we are directed to avoid."). Moreover, even if the Court were to balance the parties' competing affidavits at this time, Defendants' declarations might support Plaintiff's allegations that he is similarly situated to other individuals under a "single decision, policy, or plan." The six operator-declarants state, among other things, that they: (1) were classified by Kaos as independent contractors; (2) were paid a single day rate regardless of hours worked; and (3) were not paid any overtime compensation.

The Court concludes that Plaintiff has met his burden for asserting "substantial allegations." Defendants' arguments are not properly accepted at the initial stage of certification. Therefore, conditional certification at this initial notice stage is appropriate.

B. <u>There is No Basis to Limit the Class as Requested by Defendants</u>

Defendants argue that if the Court conditionally certifies this collective action, it should limit the proposed class to the two project sites where Mr. Kerr worked. Doc. 27 at 9–10. Defendants state that Plaintiff's limited personal knowledge of the company's practices cabins the geographic scope of his allegations. However, Defendants have not given the Court any reason to find that workers at other project location were not impacted the by the alleged "single decision, policy, or plan" in this case. As discussed above, Plaintiff asserts that his interactions with other Kaos operators, as well as supervisors and coordinators, gave him a broader picture of the company's routine use of day rates. Doc. 24-1. As Plaintiff aptly notes, the Defendants' own declarations demonstrate that other flowback operators classified as independent contractors are paid a day rate without regard to hours worked and without overtime. Mr. Allred's declaration states that "independent contractors are paid in various ways according to their individual contracts." Doc. 27-1. However, as discussed above, the six other declarations reveal a wage policy that appears to correspond directly to Plaintiff's allegations. All six operator-declarants state that they worked at various worksites under the supervision of various client-companies. None of them worked with the Plaintiff. In essence, the content of these six declarations indicate that Kaos's use of day rates extended well beyond Mr. Kerr's jobsites. Therefore, the Court will not limit the proposed class in the manner requested by Defendants.

**IV.     Proposed Notice Packet and Notice Procedures**

Plaintiff submits a Proposed Notice Packet to the Court, consisting of the following components:

- a Proposed Notice Form (Doc. 24, Appendix 1)

- a Proposed Consent Form (Doc. 24, Appendix 2)

- a Proposed Email (Doc. 24, Appendix 3)

- Proposed Telephone Scripts for Undeliverable Mail (Doc. 24 Appendix 4)

- and a Proposed Text Notification (Docs. 24, Appendix 5)

Plaintiff also seeks an Order adopting his proposed schedule and procedures for giving notice to the potential class members. Doc. 24 at 15–16. Prior to filing the Motion, Plaintiff's counsel conferred with defense counsel to seek an agreement on notice issues. However, an agreement could not be reached. *Id.* at 20.

Defendants identify a number of supposed deficiencies, some of which the Court will construe as objections. Defendants also request that the Court order the parties to submit a joint proposed notice template and allow 30 days for the parties to confer about the substance of the joint submission. The Court will require the parties to make a joint submission and will allow 30 days for the parties to confer, but at this time the Court issues the following ruling and directives about the Proposed Notice Packet and notice procedure:

1. Defendants' objection to Plaintiff's proposed notice via text as "overbroad" is **OVERRULED**. Plaintiff's request to send notice to potential class members by text is **GRANTED**. This Court has previously addressed the issue of notice by text and the Court continues to find that "notice by email and text is reasonable in today's mobile society and that these methods of communication may offer a more reliable means of reaching an individual even

if that individual is away from home or has moved." *See Calvillo*, 267 F. Supp. 3d at 1315 (granting same request and noting that "the law is on Plaintiff's side" on this issue). Here, the form and content of Proposed Text Notification is substantially the same as that of the Proposed Email. Given that many potential plaintiffs work in remote locations, notice by U.S. Mail, email, and text is reasonable and appropriate. This ruling does not preclude parties from conferring about the content of the Proposed Text Notification.

2. Similarly, Defendants' objection to Plaintiff's use of telephone contact as "overbroad" is **OVERRULED**. Plaintiff's request that the notice procedure accommodate follow up telephone calls to potential class members is **GRANTED IN PART**. The Court grants Plaintiff's request for telephone contact only as to potential class members whose **mailing address and email address** are shown to be incorrect or otherwise invalid. Former workers may not have provided Kaos with up-to-date contact information. This ruling does not preclude parties from conferring about the content of the Proposed Telephone Scripts for Undeliverable Mail.

3. The Defendants' objections to notice and consent forms being sent by and returned to Plaintiff's counsel are **OVERRULED**. Plaintiff's request that Defendants provide Plaintiff's counsel contact information for the potential class members is **GRANTED**. Plaintiff's request that Plaintiff's counsel manage the sending and receiving of any Court approved notice and consent form is **GRANTED**. If there is a genuine concern about the potential class members' personal information, the proper remedy would be for Defendants to seek a protective order limiting the use of the contact information.

4. The Defendants' objection to the Proposed Notice Packet failing to include defense counsel's contact information is **OVERRULED**. The Court agrees with Plaintiff that the inclusion

of defense counsel's contact information could raise possible violations of attorney-client privilege and create potential conflicts of interest.

5. The parties are **ORDERED** to confer on and attempt to resolve the following issues regarding the Proposed Notice Packet (Doc. 24, Appendix 1–5), some of which Defendant addressed in their Response brief (Doc. 27):

(a) The Proposed Notice Packet's failure to disclose that potential plaintiffs may be required to contribute towards payment of Defendants' litigation costs should they ultimately prevail

(b) The language in the Proposed Notice Packet regarding payment of attorney's fees in the event of settlement

(c) The language in the Proposed Notice Packet regarding potential class members' right to retain their own counsel

(d) The Defendants' proposed disclaimer stating that the Court expresses no opinion on the merits on the lawsuit, as well as any dispute regarding the appearance of judicial endorsement in this case

6. In addition, the Court suggests that the parties use this time to resolve the following issues that tend to come up regarding sending notice to potential plaintiffs:

(a) The amount of time Defendants have to provide potential class member information to Plaintiff's counsel

(b) The contents of all Proposed Notice Packet components

(c) The contents of the potential class member information Defendants shall disclose to Plaintiff's counsel.

## CONCLUSION

The allegations in the First Amended Complaint (Doc. 10), supported by the arguments and evidence in the Motion for Conditional Certification (Doc. 24), constitute substantial allegations that the putative class members were, as a group, the victims of a single decision, policy, or plan resulting in violations of the FLSA. For the purpose of the Plaintiff's FLSA claim,

this case is conditionally certified as a collective action on behalf of the following FLSA class members, as defined in Plaintiff's motion:

> Current and former workers employed by, or working on behalf of, K. Allred Oilfield Services, LLC as independent contractors in the United States at any time from «3 years prior to date of certification», to the present, who were paid a day rate.

Doc. 24 at 15; *see also* Doc. 24 at 15 n.5 (excluding flowback operators who have opted-in to *Womack v. Superior Energy Servs., Inc.*). For these reasons, the Court **GRANTS** Plaintiff's Motion for Conditional Certification **(Doc. 24)**. It is **FURTHER ORDERED** that:

1. The parties shall have **THIRTY (30) DAYS** from the date of entry of this Order to confer regarding the Proposed Notice Packet and notice procedure.

2. The parties shall submit within **THIRTY-FIVE (35) DAYS** of the date of entry of this Order a single Joint Proposed Notice Packet reflecting resolution of the items identified by the Court in numeral (5) above. The parties shall indicate resolution of each of the items identified, referring to each by its respective number/letter (e.g. 5(a), 5(b)).

3. The parties shall submit within **THIRTY-FIVE (35) DAYS** of the date of entry of this Order a single Joint Response containing the parties' positions on the items in numeral (6) addressed above, again referring to each item by its respective number/letter. Additionally, if the parties cannot reach an agreement for each objection or issue contained in numeral (5), or some other issue regarding the Proposed Notice Packet or the general notice procedure, then the parties shall include their positions and why they could not reach a resolution as to these narrow issues in their single Joint Response.

**IT IS SO ORDERED.**

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE